IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NICHOLS, | No. C 13-2155 WHA (PR) |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED OR TO PAY FILING FEE; DENYING APPOINTMENT OF COUNSEL** |
| vs. | |
| E. MEDINA, et al., | |
| Defendants. | (Docket No. 3) |

Plaintiff, a prisoner at Salinas Valley State Prison and a frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. 1983 challenging the conditions of his confinement. Among other things, he alleges that prison officials destroyed his mail and interfered with his administrative appeals and his lawsuits in state and federal court. Plaintiff also seeks to proceed in forma pauperis.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

For purposes of a dismissal that may be counted under 1915(g), the phrase "fails to state

1 a claim on which relief may be granted" parallels the language of Federal Rule of Civil
2 Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that
3 is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious"
4 refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398
5 F.3d1113, 1121 (9th Cir. 2005) (citation omitted).

6 *Andrews* requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him. *Ibid. Andrews* implicitly allows the court to sua sponte raise the Section 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action as a pauper, but he still may pursue his claims if he pays the full filing fee at the outset of the action.

15 A review of the dismissal orders in plaintiff's prior prisoner actions reveals that he has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the following dismissals may be counted as dismissals for purposes of 1915(g): *See, e.g., Nichols v. Weissberg*, No. C 01-CV-2159 VRW (N.D. Cal. June 8, 2001) (order dismissing complaint for failure to state a cognizable claim for relief); *Nichols v. Weissberg*, No. C 01-CV-2447 VRW (N.D. Cal. June 28, 2001) (same); *Nichols v. Hunt*, No. C 02-CV-300 JNK (S.D. Cal. Apr. 24, 2002) (same); *Nichols v. Biggs*, No. C 03-CV-1476 MJL (S.D. Cal. Aug. 27, 2003) (same); *Nichols v. Laird*, No. C 04-CV-1662 NAJ (S.D. Cal. Sept. 17, 2004) (same); *Nichols v. Laird*, No. C 04-CV-2090 JTM (S.D. Cal. Jan 6, 2005) (same); *Nichols v. Hunt*, No. C 04-CV-2192 TJW (S.D. Cal. Dec. 27, 2004) (same); *Nichols v. Logan*, No. C 04-CV-2533 MLH (S.D. Cal. Dec. 29, 2004) (same). The evaluation of the grounds for the dismissal of these cases is based on the dismissal orders filed in them. *See Andrews*, 398 F.3d at 1120.

28 Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a

2

1  danger of serious physical injury which is "imminent" at the time of filing. *See Abdul-Akbar v*
2  *McKelvie*, 239 F.3d 307, 312 (3d. Cir. 2001) (en banc). He is not.

3      Accordingly, plaintiff shall show cause in writing filed no later than **twenty-eight days**
4  from the date this order is filed why in forma pauperis should not be denied and this action
5  should not be dismissed pursuant to 28 U.S.C. 1915(g). In the alternative to showing cause why
6  this action should not be dismissed, plaintiff may avoid dismissal by paying the full $350.00
7  filing fee by the deadline. **Plaintiff's failure to do so will result in the dismissal of this**
8  **action.**

9      The motion for appointment of counsel (dkt. 3) is **DENIED** without prejudice.

10      **IT IS SO ORDERED.**

11  Dated: July  2 , 2013.

12  WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

3